**Ronald Nestor BEACH, Jr.; and Crystal Michelle Beach, a minor, by Ronald Nestor Beach, Jr., her Guardian ad Litem, Appellants,**

v.

**William French SMITH, in his official capacity as head of the United States Department of Justice, Appellee.**

No. 83–5809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1984.

Decided Aug. 23, 1984.

Michael J. Imhoff, Wampler, Holzmann, Imhoff & Stone, San Diego, Cal., for appellants.

Catherine H. Coleman, Washington, D.C., for appellee.

Before TANG and BOOCHEVER, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

Ronald Beach appeals from a judgment denying him attorney fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. We affirm.

Beach filed an action against William French Smith as head of the United States Department of Justice (Justice Department). He challenged the guidelines for the issuance of federal arrest warrants in parental kidnapping cases, and he sought to compel the Justice Department to issue a warrant of arrest for his former wife and

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

her father. The district court dismissed the action for lack of standing. He appealed.

Before the appeal was argued, the Justice Department authorized the issuance of a warrant of arrest. We dismissed the appeal as moot. Beach then petitioned the district court to award him attorney fees and costs under the EAJA. The district court denied the petition on the ground that Beach was not a prevailing party within the meaning of the EAJA. Beach appealed. We affirm.

In 1980, the California Superior Court for San Diego County granted Ronald Beach, in connection with his divorce proceedings, the temporary custody of his daughter, Crystal. Two weeks later, Marian Beach, his wife, and Marion Neal, her father, forcibly abducted Crystal and took her to Texas.

The San Diego County District Attorney issued a felony complaint against Marian Beach and her father. Arrest and extradition warrants were issued, but they were not apprehended.

The District Attorney sought a federal arrest warrant under the Fugitive Felon Act, 18 U.S.C. § 1073, which permits federal officers to search for state felons. Such warrants are authorized by the Parental Kidnapping Prevention Act of 1980, Pub.L. 96–611, § 10, 94 Stat. 3573 (Dec. 28, 1980). The United States Attorney denied the application because it failed to meet Justice Department guidelines. These guidelines require independent and credible information that the child was in a condition of serious abuse or neglect before a warrant would be authorized.

In April, 1981, the San Diego County District Attorney filed a second application for a warrant. This application was accompanied by a psychologist's report on the probable harm to Crystal caused by the kidnapping. The United States Attorney in San Diego approved the application and forwarded it to the Justice Department's Criminal Division in Washington, D.C. where it was denied because the psychologist had based his conclusions on hypothetical facts supplied by Beach's lawyer.

Ronald Beach then filed an action in the federal district court for himself and his daughter. Beach challenged the guidelines and sought to compel the Justice Department to issue a warrant. In March, 1982, the district court dismissed the complaint for lack of standing. *Beach v. Smith,* 535 F.Supp. 560 (S.D.Cal.1982). Beach appealed.

In June, 1982, the District Attorney submitted a semi-nude photograph of Marian Beach which had appeared in *Easyriders,* an adult magazine catering to motorcyclists. The picture was forwarded to the Justice Department immediately, but the Criminal Division did not receive it for about four months and did not receive other relevant material until November 30, 1982.

From May to November, 1982, the Justice Department engaged in frequent discussions with congressional critics of its guidelines. In November, 1982, the Criminal Division of the Department of Justice recommended the elimination of the abuse and neglect requirement, and Congress scheduled hearings for January, 1983. The Justice Department dropped the abuse and neglect requirement for a one-year trial period beginning December 23, 1982. Three weeks before the Justice Department dropped the requirement, it authorized the issuance of a Fugitive Felon warrant for Marian Beach and her father. The Justice Department asserts that this was done because the new evidence indicated that Crystal was in a condition of abuse and neglect and because of the likelihood that the Justice Department would soon change its standard due to congressional pressure.

On December 7, 1982, before oral argument, the court dismissed the appeal as moot.

In January, 1983, Beach petitioned the district court for an award of attorney fees and costs under the EAJA. The district court ruled that Beach was not a prevailing party within the meaning of the EAJA and denied the petition. Beach appeals.

*Discussion*

■ Beach seeks attorney fees under subsections (b) and (d) of the EAJA. 28 U.S.C. § 2412(b), (d). Subsection (b) permits a court to award fees and costs to the party prevailing in a civil action by or against the government, to the same extent that the court may award them in actions between other parties. Such an award may be based on common law or statutory grounds.

Beach concedes that he did not prevail on the merits of his action. It is admitted that the district court had dismissed the action on the basis of *Leeke v. Timmerman,* 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981), *reh'g denied,* 454 U.S. 1165, 102 S.Ct. 1041, 71 L.Ed.2d 322 (1982), and that the court held that Beach had no standing to contest the Justice Department's warrant procedures and therefore had no legal basis for the relief he sought.

The Justice Department later concluded that a warrant was justified by the additional evidence and by the probability that the guidelines would be changed. After the Justice Department issued the warrant of arrest, this court dismissed Beach's appeal as moot.

■ However, even in the absence of a favorable judgment, a litigant may be a prevailing party for purposes of an attorney fee award if his action was a "catalyst" which motivated the defendant to provide the relief originally sought through litigation. *American Constitutional Party v. Munro,* 650 F.2d 184, 187 (9th Cir. 1981). Beach asserts that his action was such a catalyst.

■ To determine whether an action was a catalyst, the court must decide what the litigant sought to accomplish and whether his action accomplished it. *Fitzharris v. Wolff,* 702 F.2d 836, 838 (9th Cir.1983). The litigant must show a causal connection between his action and the favorable outcome. As this court observed in *Munro,* 650 F.2d at 187, "[A]t a minimum, the lawsuit must have ... prompted the opposing party to take action." Whether a liti-

gant has shown the requisite causal relationship is a factual determination for the district court. *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983).

■■ Beach had the burden of proving that he was a catalyst, but he submitted no direct evidence to support his contention that his action prompted the Justice Department's decision. He relies solely on the sequence of events. The Justice Department introduced evidence that the warrant was issued and the guidelines were changed for reasons independent of Beach's action. The Justice Department alleged that the decision to issue the warrant was prompted by (1) new evidence which convinced the Justice Department that Crystal was in a condition of abuse or neglect; and (2) congressional criticism of the guidelines which led to the Criminal Division's recommendation that the abuse or neglect requirement be eliminated.

Beach contends that the Justice Department deliberately mooted the appeal because it wanted to avoid a ruling by this court that parents had standing to compel the issuance of federal warrants. The record discloses no evidence that the Justice Department feared an unfavorable ruling by this court. Even if we reversed the district court on the standing issue, Beach would still have to litigate in the district court the issue of whether the Justice Department can be compelled to authorize a warrant of arrest for Marian Beach and her father.

Beach asserts that the Justice Department acknowledged the importance of his action when it cited the *Beach* opinion in its report to Congress on implementation of the Parental Kidnapping Prevention Act. The opinion was not cited to show the merit of Beach's position, but on the contrary it was cited to show the district court's support for the Justice Department's position.

■ We review the district court's denial of attorney fees under the EAJA under an abuse of discretion standard. *Hoang Ha v. Schweiker,* 707 F.2d 1104, 1105 (9th Cir. 1983).

We hold that the district court did not clearly err in finding that Beach failed to

carry his burden of proving a causal connection between the filing of Beach's action and the Justice Department's decision to authorize the warrant and change the guidelines.

We need not discuss Beach's contention that he is also entitled to attorney fees under subsection (d) of the EAJA, 28 U.S.C. § 2412(d), because in addition to not proving that he was a prevailing party or a catalyst, Beach failed to timely file his application for fees under this subsection.

The statute requires that an application for fees be submitted to the district court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). Beach failed to make this application for forty-one days.

We have considered all the other issues, including those which Beach raised for the first time in this appeal. We conclude that none of them has any merit. Accordingly, we find that the district court did not abuse its discretion when it found that Beach is not entitled to attorney fees.

The judgment of the district court is AFFIRMED.