**PUBLIC INTEREST RESEARCH GROUP OF NEW JERSEY, et al., Plaintiffs,**

v.

**Michael P.W. STONE, as Secretary of the Army, Defendant.**

**Civ. No. 91–5583 (CSF).**

United States District Court, D. New Jersey.

March 7, 1994.

As Amended April 5, 1994.

Terris, Pravlik & Wagner by Bruce J. Terris, Mark V. Dugan, Washington, DC, Edward Lloyd, Newark, NJ, for plaintiffs.

Ronald M. Spritzer, Acting Asst. Atty. Gen., Environmental Defense Section, Environmental and Natural Resources Div., U.S. Dept. of Justice, Washington, DC, Michael Chertoff, U.S. Atty. by Dorothy Donnelly, Asst. U.S. Atty., Trenton, NJ, for defendant.

OPINION

CLARKSON S. FISHER, District Judge.

Before the court is plaintiffs' supplemental application for an award of litigation costs, including attorneys' fees and expert witnesses' fees. Plaintiffs are asking for $83,904.96 in attorneys' fees and related expenses of $1,385.26 for the litigation of their initial fee application.[1] Plaintiffs are also seeking $31,134.61 in attorneys' fees and $481.45 in related expenses for the preparation of plaintiffs' brief in support of their motion that defendant be held in contempt of this court's order of March 24, 1994. Plaintiffs are also applying for fees and expenses relating to the instant application in the amount of $4,965.75 for fees and $225 for expenses. In all, plaintiffs request $122,097.03 in attorneys' fees and expenses. For the foregoing reasons, plaintiffs are hereby granted a total of $55,756.42 in fees and related expenses.

### I. Fees and Expenses Relating to Plaintiffs' Contempt Motion

On August 27, 1993, plaintiffs submitted their brief in support of their motion that defendant be held in contempt of this court's order of March 24, 1993. On October 5, 1993, defendant filed the United States's opposition to plaintiffs' motion, and on October 12, 1993, plaintiffs submitted their reply brief. On October 19, 1994, this court heard oral argument on this motion, and on November 16, 1993, the court denied the motion and ordered that "defendant pay to plaintiffs their reasonable attorney's fees and costs incurred in briefing this motion ... including travel, investigation and clerical services." See op. Nov. 16, 1993, at 5.

In opposition to this application, defendant argues that plaintiffs did not prevail in the litigation of their contempt motion and therefore, as a matter of law, they may not be awarded fees and expenses in connection with that motion. See op. at 7. This court cited *Halderman v. Pennhurst State Sch. and Hospital*, 526 F.Supp. 414, 423 (E.D.Pa.

---

1. Plaintiffs actually requested $62,928.64, an amount reflecting a 25% reduction of the $83,904.96; however, the court will review the actual amounts claims and do an independent reduction analysis, rather than rely on the analysis of the first application. See Pl.App. at 4.

1981) as authority for awarding counsel fees when a contempt motion is denied.[2]

■ It is well settled that in order to recover any fee under the Clean Water Act the appellant must be the prevailing party. "[A]bsent some degree of success on the merits by the claimants it is not 'appropriate' for a federal court to award attorney's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274, 3282, 77 L.Ed.2d 938 (1983). While it is not always necessary for a party to have relief judicially decreed in order to be a prevailing party, the plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). The court must also make the determination of whether plaintiff has met his burden of establishing some causal connection between the litigation and the relief plaintiff alleges he obtained by, in this case, filing the motion. *Beach v. Smith*, 743 F.2d 1303 (9th Cir.1984). *See also Field v. Haddonfield Bd. of Ed.*, 769 F.Supp. 1313 (D.N.J.1991) (plaintiff must show that the litigation was a causal factor in the relief obtained.)

■ Here, plaintiffs' contempt motion was denied. This court found that defendant had remedied its noncompliance at the Pedrick-town Wastewater Treatment Plant prior to the filing of plaintiffs' motion. This court also found that defendant had made substantial efforts to maintain compliance with the decree. *See* Opinion at 3–4. On this basis, defendant now argues that "this is not a case in which a fee award can be justified on the ground that the litigation was the catalyst in causing 'the material alteration of the legal relationship of the parties.'" *See* op. at 10. Defendant contends that the filing of the contempt motion by plaintiffs did not cause defendant to comply with the decree, since defendant was already in compliance at that time.

As stated above, this court relied on *Halderman v. Pennhurst State Sch. and Hospital, supra,* as its authority for awarding counsel fees when a contempt motion is filed. Upon reexamination of that case and consideration of defendant's opposition, the court now realizes that a vital distinction between the facts of *Halderman* and the facts of the present action was mischaracterized. In *Halderman* the district court found that, although defendant was in compliance at the time the contempt motion was decided, the noncompliance had continued almost to the day of the hearing of the motion. Thus, as defendant correctly argues, the filing of the motion in *Halderman* caused the defendant to comply with the court's order.

Here, defendant was already in compliance with the decree at the time plaintiffs filed their motion. Plaintiffs achieved no success as a result of the filing of the contempt motion. Since the contempt motion was filed after litigation on the merits had been concluded, this proceeding will be treated as a separate litigation subject to lodestar reduction analysis.

■ "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). As in all cases, "there must be a correlation between the 'hours worked' and the total recovery." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir.1983). Defendant maintains that, since plaintiffs achieved no success as a result of the contempt motion, "the appropriate negative multiplier is 100% and no further fees or expenses should be allowed." *See* Def.'s Br. at 16.

■ A reduction must be made to reflect plaintiffs' lack of success. To do this, the court may reduce the fee by a percentage or deduct specific hours to account for the lack of success. *Hensley*, 461 U.S. at 436, 103

**2.** Plaintiffs argue that, pursuant to the doctrine of law of the case, the determination that plaintiffs are entitled to be compensated for their work in relation to their motion for contempt must be followed. While they contend that no supervening rule of law exists, plaintiffs ignore

the fact that the court could have erred in its interpretation of the case upon which it relied to make its determination. Therefore, reconsideration must be allowed. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir.1982).

S.Ct. at 1941; *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 789–90, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989).

Based upon the above reasoning, it is this court's decision to deduct all hours spent on the contempt motion except those which reflect time spent on compliance monitoring, a total of 16.75 hours, for a total charge of $2844.05. *See* Pl.Br.Ex. 6 & 7.

### II. *Fees and Expenses Relating to Litigation of Plaintiffs' Initial Fee Application*

On March 9, 1993, plaintiffs submitted an application for an award of litigation costs including attorneys' fees and experts' fees. On April 9, 1993, defendant filed its opposition to plaintiffs' motion. On June 25, 1993, plaintiffs filed their reply to defendant's opposition. On October 20, 1993, this court entered an opinion and order. Plaintiffs were granted $96,578.06 in attorneys' fees and $14,807.59 in expenses. *See* Oct. 20, 1993, order, pp. 16–17.

■ A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application. *See Prandini v. National Tea Co.,* 585 F.2d 47, 53 (3d Cir.1978). Accordingly, plaintiffs submit this supplemental application for an award of fees and expenses relating to the litigation of their initial application for fees and expenses. In this supplemental application plaintiffs are requesting $83,-904.96 in fees, plus $1,385.26 in related expenses.[3]

The Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1982), observed that "[a] request for attorney's fees should not result in a second major litigation." Plaintiffs claim a total of 517.25 hours, including 440.5 attorney hours and 76.75 paralegal hours.[4] If granted, plaintiffs' fee request for the fee litigation would allow them more than 70% of the $96,577.69 in fees which the court awarded for litigation on the merits of this case.

■ Statutes which provide for an award of attorney's fees were not intended as a windfall for attorneys. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986). Plaintiffs have been reminded of this rule in both Judge Hughes's July 19, 1993, Report and Recommendation in *Public Interest Group of New Jersey, et al. v. Rice,* 774 F.Supp. 317 (D.N.J.1991) as well as in *SPIRG v. Monsanto,* 727 F.Supp. 876, 883 (D.N.J.1989). "Plaintiffs appear to have utterly ignored Justice White's pointed admonition in *Pennsylvania v. Delaware Valley Citizens' Council* that fee shifting statutes 'were not designed as a form of economic relief to improve the financial lot of attorneys.'"

■ "The fee reduction rationale of *Hensley,* because it is intended to ensure the award of a reasonable fee in light of the results obtained, applies by force of the Court's reasoning to fees generated in the litigation of a fee petition and compels us to treat the fee petition litigation as a separate entity subject to lodestar and *Hensley* reduction analysis." *Institutionalized Juveniles v. Secretary of Public Welfare,* 568 F.Supp. 1020, 1034 (E.D.Pa.1983), *aff'd,* 758 F.2d 897, 924 (3d Cir.1985). It is within the district court's discretion to determine whether the amount of the award is reasonably consistent with the level of success obtained. *Hensley,* 461 U.S. at 438–39, 103 S.Ct. at 1942. There is no precise rule or formula for making lodestar reduction determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success. The court necessarily has discretion in making this equitable decision. *Hensley* at 436–37, 103 S.Ct. at 1941.

---

3. As stated earlier, although plaintiffs have "voluntarily" reduced this request by 25% to $62,-928.64, the court will review this application with an independent analysis, rather than relying on the analysis applied to the first fees application.

4. This court agrees with defendant's argument that the application for fees in preparation for the supplemental fee application should be analyzed together with the fees on fees application, since both concern plaintiffs' request to be paid additional fees for litigating their fees and expenses.

Defendants argue that the court should significantly reduce the amounts claimed for the fee litigation. The fee request consists primarily of fees for preparing plaintiffs' initial fee application, fees for responding to defendant's objections and fees for preparing the present supplemental application. Defendant's main objection is that "[n]either the clerical exercise of preparing the fee applications nor the limited effort required to respond to defendant's objections which were similar to issues the parties had already litigated in *NJPIRG v. Rice* and which plaintiffs have litigated in many other cases, can justify anything approaching this amount." *See* Dft.'s Br. at 24.

▉ The preparation of a fee application is not a complex task, and a high degree of legal skill or expertise is not required, although the endeavor may be time consuming. *Robb v. Ridgewood Bd. of Educ.*, 269 N.J.Super. 394, 413, 635 A.2d 586, 596 (Ch. 1993). This preparation involves reviewing time sheets and eliminating hours spent on unsuccessful claims. "Plaintiffs' lawyers should not recover fees for these services at the same rate as for their work on the merits of the case." *Id. See also Institutionalized Juveniles*, 568 F.Supp. 1020, 1034 (citing *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (Lindy II)). Furthermore, a "defendant should not have to pay for the plaintiffs' unbridled and unlimited capacity to churn work and fees." *PIRG v. Powell Duffryn*, Civ. No. 84–340, slip op. at 17 (D.N.J. April 23, 1991).

Ç The total number of hours which plaintiffs claim to have devoted to the fee litigation, with three—including plaintiffs' most senior attorney—spending over 50 hours on it, and one spending 244.25 hours. Plaintiffs' claim for 517.25 hours of attorney and paralegal time exceeds even the massive "fees for fees" claim (totalling 493 attorney and paralegal hours) which plaintiffs' counsel submitted in *SPIRG v. Monsanto*, 727 F.Supp. 876, 886 (D.N.J.1989), a claim which this court found "staggering under any analysis, but particularly so given plaintiff's counsel's apparent experience in fee petition litigation."

*See* Dft.'s Br. at 26. Where plaintiff sues the same defendant in two separate actions for "nearly identical" claims, "double payment for the same effort should be avoided by some apportionment of the fee between the two cases." *Prandini v. National Tea Co.*, 557 F.2d 1015, 1019 n. 3 (3d Cir.1977). Here, although no "fees on fees" were granted in *Rice*, the claims, arguments and issues were "nearly identical." Plaintiffs themselves recognize the similarities between the two cases:

Ç In *Rice*, the same plaintiffs as here brought an extremely similar citizens suit under the [Clean Water Act] relating to the violation [sic] of another federal facility in New Jersey, the McGuire Air Force Base. . . .

Ç In *Rice*, plaintiffs filed an application for attorneys' fees and expenses which was extremely similar to the application here. Defendant opposed the application on numerous grounds, most of which were the same or closely analogous to the grounds raised by the same attorneys for defendant in this case.

*See* Pltfs.' Reply Br. at 14.

Ç In *PIRG v. Powell Duffryn*, PIRG instituted a citizen's suit charging the defendant, Powell Duffryn Terminals, with various acts in violation of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(c). The district court directed Powell Duffryn Terminals to pay a civil penalty of over three million dollars for violating its National Pollutant Discharge Elimination System Permit. Plaintiffs' counsel in that case, the same counsel as here, requested over $33,000.00 for 202.25 hours spent preparing their initial fee application. That court found the charges "excessive, repetitive and unnecessarily long" and found a 75% reduction appropriate.

▉ This court will review the actual amounts claimed and do an independent *Hensley* reduction analysis rather than simply rely on the reduction analysis of the initial application.

*Preparation of Initial Fee Application*

Ç Plaintiffs request reimbursement for a total of 60.25 hours for the preparation of the initial fee application alone:

BJT    .75 hours at a rate of $300.00
JP    34.25 hours at a rate of $ 66.00
MVD 25.25 hours at a rate of $183.50

As stated earlier, the act of preparing a fee application does not involve complex legal analysis, and, therefore, the rate will be reduced to $100 an hour for the attorneys' efforts in this matter. The paralegal's rate of $66 will not be reduced; therefore, the total charge in relation to the preparation of the initial fee application is reduced from . $7,118.88 to $4,860.50.

### Reviewing Defendant's Opposition Brief

Plaintiffs ask to be compensated $4,974.13 for 24.25 hours of work spent reviewing defendant's brief in opposition to the fee petition. I find this time unnecessarily long and will reduce the amount by 25%. Therefore, the total charge in relation to the review of defendant's opposition brief is $3,730.60.

### Reply Brief in Support of Motion for Fees

Plaintiffs ask to be compensated $70,971.00 for a total of 384.25 hours spent preparing the reply brief in support of their fee application. This request is excessive on its face and will be reduced. First, the reply brief was grossly overlong, 83 pages long. The excessiveness in time spent on the preparation of this overlength brief is more repugnant when one considers the fact that the reply brief was substantially similar to that in *Rice*. Plaintiffs' request for $70,971 is reduced by 50% to $35,485.50.

### Oral Argument

Plaintiffs request compensation for 14 hours for the preparation for oral argument. I do not find that this was an unreasonable use of time and will award the full amount of $3,540.50.

### Legal Research

Plaintiffs seek an award of $300 for one hour spent doing legal research. This was not an unreasonable use of time, and I will award the full amount.

### Other Costs

Plaintiffs also seek an award of $487.88 for time spent reviewing a relevant decision, reviewing defendant's offer of judgment and scheduling. As these amounts do not seem unreasonable, that entire amount is awarded.

### Expenses

Plaintiffs also request $1,385.26 in expenses related to the initial fee application. The only expense which will be reduced is that for photocopying, $771.25. A 50% reduction will be applied to reflect the excessive length of the reply brief; therefore, a total of $999.64 will be allowed.

### Fees and Expenses Relating to This Application

Plaintiffs request attorney's fees and expenses relating to the preparation of this application in the total amount of $5,190.75. Because the preparation of this application was merely clerical, each attorney's rate will be reduced to $100.00. Plaintiffs are awarded $2,871.50 in attorney's fees and $225.00 in related expenses, for a total award of $3,096.50 in relation to the preparation of this application.

### Conclusion

Plaintiffs' request for fees and expenses in relation to plaintiffs' contempt motion is denied, except that fees relating to compliance monitoring are granted in the amount of $2,844.05. The award for fees and expenses relating to the preparation of the initial fee application is $49,815.87. The award for fees and expenses relating to the preparation of this application is $3,096.50. The total award in this matter is $55,756.42.